a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RICHARD W. BLACK, Plaintiff | CIVIL DOCKET NO. 1:19-CV-1023-P |
| VERSUS | JUDGE DRELL |
| VICTOR JONES, *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a "Motion for Restraining Order" (Doc. 2) filed by *pro se* Plaintiff Richard W. Black ("Black"). Black seeks an order to prevent Defendant Judge W. Payton Cunningham from harassing or stalking him. (Doc. 2).

Because Black cannot meet the requirements for obtaining a temporary restraining order, his Motion (Doc. 2) should be DENIED.

I. **Background**

Black complains that Judge Cunningham looked at him "for several minutes" at Walmart. Black claims this is proof of harassment or stalking. (Doc. 2). He requests that the Court obtain security footage from Walmart to support his claim. (Doc. 2, p. 2).

II. **Law and Analysis**

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b)(1) Issuing Without Notice. The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified

>complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give the notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b).

A preliminary injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries a burden of persuasion." Black Fire Fighters Ass'n of Dallas v. City of Dallas, Tex., 905 F.2d 63, 65 (5th Cir. 1990). In order for Black to obtain a preliminary injunction, he must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and (4) the injunction will not have an adverse effect on the public interest. See Women's Med. Ctr. v. Bell, 248 F.3d 411, 418–19 (5th Cir. 2001); Flores v. Jacobs, 442 F. App'x 164, 165 (5th Cir. 2011); Anderson v. Jackson, 556 F.3d 351, 360 (5th Cir. 2009). "The denial of a preliminary injunction will be upheld where the movant has failed sufficiently to establish any one of the four criteria." Black Fire Fighters Ass'n, 905 F.2d at 65; see also Flores, 442 F. App'x at 165.

Black cannot satisfy these requirements. First, Black has not submitted an affidavit or a verified complaint as required by the Federal Rules of Civil Procedure. Second, Black has not presented allegations sufficient to meet the four criteria. Black does not demonstrate a substantial likelihood of success on the merits. The

underlying claim against Judge Cunningham involves rulings issued by the judge in Black's criminal proceedings. A judge has absolute immunity in the performance of his judicial duties. See Nixon v. Fitzgerald, 457 U.S. 731, 745 (1982). Additionally, Black has not shown a substantial threat that failure to grant the injunction will result in irreparable injury.

III. Conclusion

Because Black cannot meet the criteria for a temporary restraining order, IT IS RECOMMENDED that Black's Motion for Restraining Order (Doc. 2) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this  23rd  day of August 2019.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE