a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| RICHARD W. BLACK,<br>Plaintiff | CIVIL DOCKET NO. 1:19-CV-1023-P |
| VERSUS | JUDGE DRELL |
| VICTOR JONES, *ET AL.*,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (Docs. 1, 7) filed by *pro se* Plaintiff Richard W. Black ("Black"). Black alleges that Defendants are liable for malice, defamation/slander, obstruction of justice, criminal conspiracy, malfeasance in office, and a violation of his constitutional rights. (Doc. 1, p. 1). He names as Defendants Sheriff Victor Jones, Officer Silas, Billy Joe Harrington, and W. Payton Cunningham.

Because Black fails to state a constitutional claim for which relief can be granted, his Complaint should be DENIED and DISMISSED.

## I.    Background

Black alleges that, throughout the last 24 months, Defendants have harassed and arrested him "just to let him know that they can keep him under their control." (Doc. 1, p. 3). Black complains that the numerous motions he has filed in the Tenth Judicial District Court were denied by Judge Cunningham. (Doc. 1, p. 3).

Black alleges that he does not have to register as a sex offender, and that he was wrongfully arrested for violating state sex offender laws by being at the public

library in Campti, Louisiana. (Doc. 1, p. 4; Doc. 7, p. 1). Black alleges that Officer Winfred McDowell gave Black permission to use the public library to do his legal work and write a book on the Bible. (Doc. 1, p. 4).

Black alleges that Defendants harassed him in violation of Louisiana law by "sending people to his house to try and buy drugs from him." (Doc. 1, pp. 5, 9).

Black complains that the state judge made a malicious and defamatory comment about Black running in a Walmart parking lot. (Doc. 1, pp. 6, 9). He also claims that Defendants defamed him by noting on his sex offender registration form that his sexual preference was both men and women. (Doc. 7, p. 2).

Black alleges that the District Attorney and Sheriff acted with malice in "trying to get the Plaintiff's step-granddaughter to make a complaint" against him "just so they can put him back in jail." (Doc. 1, p. 9).

Black alleges that all Defendants obstructed justice through the actions alleged, and committed a criminal conspiracy under Louisiana law. (Doc. 1, p. 10; Doc. 1-2, p. 32).

Black has filed numerous suits in this Court, at least one challenging his incarceration for failing to register as a sex offender. (1:15-CV-2411).

For relief, Black asks the Court to issue an order to Defendants to not harass Black or his family members. (Doc. 1, p. 11).

## II.    Law and Analysis

### A.    Black's Complaint is subject to preliminary screening.

Black is neither a prisoner, nor is he proceeding in forma pauperis. Therefore, the screening provisions of 28 U.S.C. §§ 1915 and 1915A are not applicable. However, in Black v. Hornsby, 5:14-CV-0822, 2014 WL 2535168 (W.D. La. May 15, 2014), subsequently aff'd sub nom. Black v. Hathaway, 616 F. App'x 650 (5th Cir. 2015), the Court found that a district court has the inherent authority to conduct a limited screening procedure, *sua sponte*, in a fee-paid, non-prisoner's complaint if it appears from the pleadings and exhibits that the allegations are "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Id. 2014 WL 2535168, at *3 (citing Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) (citing Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)).

Although *pro se* pleadings are liberally construed and held to less stringent standards than formal pleadings drafted by lawyers, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam), *pro se* litigants must still meet basic pleading requirements, and a court is not required to conjure allegations on their behalf, Chao v. Dars of Texas, 4:15-CV-169, 2015 WL 6522818, at *8, n.4 (E.D. Tex. Oct. 27, 2015).

### B.    Black fails to state a claim for injunctive relief.

Black seeks injunctive relief in the form of an order to the sheriff, district attorney, and anyone else in the judicial system to not harass him or his family. (Doc. 1, p. 11).

A movant for a preliminary injunction must demonstrate each of the following: (1) a substantial likelihood of success on the merits; (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) the threatened injury outweighs any damage that the injunction will cause to the adverse party; and 4) the injunction will not have an adverse effect on the public interest. Women's Med. Ctr. of Northwest Houston v. Bell, 248 F.3d 411, 418–20 (5th Cir. 2001). "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." Lewis v. S.S. Baune, 534 F.2d 1115, 1121 (5th Cir. 1976).

Black cannot show a substantial likelihood of success on the merits or a substantial threat of irreparable injury. First, Black presents no basis for entitlement to relief for the state court's denial of his motions. In fact, Younger v. Harris, 401 U.S. 37 (1971) precludes federal courts from interfering in ongoing state judicial proceedings where the state has an important interest in regulating the subject matter of the claim and the plaintiff has an adequate opportunity in the state proceedings to raise connotational challenges.

Next, Black's challenge to the requirement that he register as a sex offender is barred by Heck v. Humphrey, 512 U.S. 477 (1994), because a judgment in his favor would imply the invalidity of the conviction that resulted in Black's registration. See Edwards v. Balisok, 520 U.S. 641,648 (1997); Clark v. Stalder, 154 F.3d 186, 190–91 (5th Cir. 1998) (extending Heck to claims seeking injunctive or declaratory relief under § 1983).

Additionally, Black cannot state a claim for slander or defamation. Defamation is not in itself a constitutional tort, <u>Kerr v. Lyford</u>, 171 F.3d 330, 339 (5th Cir. 1999), and "there is no constitutional doctrine converting every defamation by a public official into a deprivation of liberty within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment," <u>San Jacinto Sav. & Loan v. Kacal</u>, 928 F.2d 697, 700-01 (5th Cir. 1991).  In fact, claims of slander, defamation, and libel generally arise under state tort law and lack the constitutional element required to bring suit under § 1983.  <u>See</u> <u>Paul v. Davis</u>, 424 U.S. 693, 712 (1976).  Black does not show that any allegedly defamatory or slanderous statement deprived him of a constitutional or other federal right.

Black's claim of conspiracy and that Defendants tried to get his step-granddaughter to make a complaint against him "just so they can put him back in jail" are conclusory.  (Doc. 1, p. 9).  Mere conclusory allegations of conspiracy cannot state a claim of federal conspiracy under § 1983.  <u>See</u> <u>Hale v. Harney</u>, 786 F.2d 688, 690 (5th Cir. 1986) (citing <u>Arsenaux v. Roberts</u>, 726 F.2d 1022, 1024 (5th Cir. 1982)).

Black's claim of malfeasance should be dismissed because malfeasance is a criminal offense under Louisiana law and cannot be raised under § 1983.  <u>See</u> <u>Thomas v. Gulotta</u>, 15-CV-435, 2017 WL 379449, at *10 (M.D. La. Jan. 26, 2017) (citing La. R.S. 14:134).

Finally, Black's claim that Defendants violated Louisiana law should be dismissed.  <u>Lizotte v. Leblanc</u>, 456 F. App'x 511, 513 (5th Cir. 2012) (since the district

court properly dismissed all of the claims over which it had original jurisdiction, it had an adequate basis for declining to exercise supplemental jurisdiction).

## III.   Conclusion

Because Black fails to state a constitutional claim, his § 1983 Complaint (Docs. 1, 7) should be DENIED and DISMISSED WITH PREJUDICE, and the state law claims should be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this 28th day of October 2019.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE